UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| STEVEN CHARLES SCHEUMANN-WHITNEY,<br>    Plaintiff,<br>v.<br>STATE OF INDIANA DEPARTMENT OF CORRECTIONS et al.,<br>    Defendants. | No. 1:10-cv-630-TWP-DML |

**Entry Dismissing Complaint and Directing Further Proceedings**

For the reasons explained in this Entry, the complaint will be dismissed and the plaintiff will be given an opportunity to file an amended complaint which sets forth a viable claim for relief.

**I.**

Plaintiff Steven Charles Scheumann-Whitney, an Indiana prisoner, files this civil rights action pursuant to 42 U.S.C. § 1983. He has named as defendants the Indiana Department of Correction ("DOC"), the Commissioner of the DOC, unnamed employees of the DOC, Correctional Medical Services ("CMS"), Dr. Henshaw, Dr. Hasan and unnamed employees of CMS.[1]

Because Scheumann-Whitney is a prisoner, his complaint is subject to the screening required by 28 U.S.C. § 1915A(b). *Lagerstrom V. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). This statute requires that any complaint submitted by a prisoner, or any claim within such a complaint, be dismissed if the complaint or the claim fails to state a claim upon which relief can be granted.

Legally insufficient claims include those which fail to state a claim upon which relief can be granted, and such claims are those which lack facial plausibility. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In addition,"a plaintiff can plead himself out of court by alleging facts which show that he has no claim." *Jackson v. Marion County,* 66 F.3d 151, 153 (7th Cir. 1995).

---

[1]The plaintiff has withdrawn claims against Indiana Governor Mitch Daniels. See dkt 25.

## II.

As noted, the action is brought pursuant to 42 U.S.C. § 1983. "Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)). Accordingly, "the first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 113 S. Ct. 2475, 2480 (1993). The Eighth Amendment's ban on "cruel and unusual punishments" requires prison officials to take reasonable measures to guarantee the safety of inmates, including the provision of adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). An Eighth Amendment claim based on inadequate medical care contains two elements: (1) the prisoner suffered an objectively serious harm that presented a substantial risk to his safety, and (2) the defendants were deliberately indifferent to that risk. *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006).

Applying the screening standard described in Part I of this Entry in light of the substantive right Scheumann-Whitney seeks to vindicate, and even liberally construing his complaint because he is proceeding without counsel here, his complaint fails to state a claim upon which relief can be granted.

- ! The claims against the Commissioner of the DOC, Dr. Henshaw, and Dr. Hasan are **dismissed** because there is no allegation in the complaint that these defendants personally deprived the plaintiff of any federally secured right. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's* rule [is that] that public employees are responsible for their own misdeeds but not for anyone else's.")(citing *Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948.

- ! The DOC is an agency of the State of Indiana. Any claim against the DOC is therefore barred by Indiana's Eleventh Amendment immunity. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 58 (1996); *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 102 (1984). Additionally, the DOC is not a "person" subject to suit under 42 U.S.C. § 1983. *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989).

! The principle just noted also compels the dismissal of § 1983 claims for damages against the defendant DOC Commissioner in his official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 and n.14 (1985) (suit for damages against state officer in official capacity is barred by the Eleventh Amendment). Dr. Henshaw and Dr. Hasan are employees of CMS, not the DOC, and have no "official capacity" sometime noted as to state employees acting in their individual and/or official capacities.

! CMS provides medical services to inmates of the DOC. Although such a private entity acts "under color of state law" under circumstances such as alleged here, it can be held liable only for its own unlawful policies or customs, not for the misdeeds of its employees under the doctrine of *respondeat superior. Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816 (7th Cir. 2009); *Johnson v. Dossey,* 515 F.3d 778, 782 (7th Cir. 2008). Because no claim of an unlawful policy or custom is made against CMS, the claims against it are **dismissed**.

! Unnamed employees of both the DOC and CMS are among the defendants. Any claim against an unnamed defendant is **dismissed** because "it is pointless to include [an] anonymous defendant[ ] in federal court; this type of placeholder does not open the door to relation back under *Fed.R.Civ.P.* 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel,* 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

The foregoing establishes that there is no viable claim against any of the defendants. The complaint is further deficient in seeking to use 42 U.S.C. § 1983 to shorten Scheumann-Whitney's custody. A plausible factual basis for obtaining such relief is absent. A claim of this nature, moreover, can only be brought in federal court through an action for habeas corpus relief, *Wilkinson v. Dotson,* 544 U.S. 74, 80-81 (2005), and the court is not authorized to convert the civil rights action to a habeas action. *Moore v. Pemberton,* 110 F.3d 22 (7th Cir. 1997); *Copus v. City of Edgerton,* 96 F.3d 1038 (7th Cir. 1996).

### III.

### A.

The dismissal of the complaint will not in this instance result in the dismissal of the action. *Benjamin v. United States,* 833 F.2d 669, 671 (7th Cir. 1987). Instead, the plaintiff shall have **through August 12, 2010,** in which to **file an amended complaint.**

### B.

If the plaintiff files an amended complaint as permitted in Part III.A. of this Entry, he is **notified** that the the amended complaint will completely replace and supersede the original complaint. *Massey v. Helman,* 196 F.3d 727, 735 (7th Cir. 1999).

In submitting an amended complaint, the plaintiff shall conform to the following guidelines:

- The amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . .";

- The amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; and

- The amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury.

- The amended complaint shall comply with Rules 18 and 20(a) such that the plaintiff shall "not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Garcia v. Munoz,* 2008 WL 2064476, at *3 (D.N.J. May 14, 2008). Simply stated, "Unrelated claims against different defendants belong in different suits. . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

## C.

If an amended complaint is filed as permitted in Part III.A. of this Entry, it will be subject to the screening required by 28 U.S.C. § 1915A(b) and an appropriate further order will be issued when that step has been taken. If no amended complaint is filed as permitted in Part III.A. of this Entry, final judgment dismissing the action will be issued consistent with the analysis in Part II of this Entry.

**IT IS SO ORDERED.**

Date: 07/21/2010

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Steven Charles Scheumann-Whitney
DOC #972943
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064