**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| STEVEN CHARLES SCHEUMANN-<br>  WHITNEY, | )<br>) | |
|               Plaintiff, | ) | |
| v. | ) | No. 1:10-cv-630-TWP-DML |
| | ) | |
| STATE OF INDIANA DEPARTMENT<br>  OF CORRECTIONS, et al., | )<br>) | |
| | ) | |
|              Defendants. | ) | |

**Entry and Order Directing Dismissal of Action**

The complaint of Steven Charles Scheumann-Whitney, an Indiana prisoner, was dismissed on July 23, 2010, pursuant to 28 U.S.C. § 1915A(b) because it failed to state a claim upon which relief can be granted. At that time, Scheumann-Whitney was permitted to file an amended complaint and was given guidelines for doing so. Specifically, Scheumann-Whitney was informed that Rule 8(a)(2) of the *Federal Rules of Civil Procedure* requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . "

Scheumann-Whitney has submitted an amended complaint, but not in accordance with the court's instructions. Scheumann-Whitney's allegations in the amended complaint are incoherent and rambling. "District courts should not have to read and decipher tomes disguised as pleadings." *Lindell v. Houser*, 442 F.3d 1033, 1035 n.1 (7th Cir. 2006). That, however, is precisely what Scheumann-Whitney has presented. His 60-page handwritten complaint and 35-pages of exhibits defies understanding, rendering it unintelligible and subject to dismissal on that basis. *Davis v. Ruby Foods, Inc.,* 269 F.3d 818, 820 (7th Cir. 2001)("dismissal of a complaint on the ground that it is unintelligible is unexceptionable").

The *Federal Rules of Civil Procedure*–and Rule 8(a)(2) in particular–require that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)(citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993)(noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)).

Accordingly, the amended complaint (dkt 42) is **dismissed** pursuant to 28 U.S.C. § 1915A(b). Judgment consistent with this Entry shall now be issued.

**IT IS SO ORDERED.**

Date: 12/16/2010

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana